10-5186-pr
Singh v. Lynch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand twelve.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------------

NAVDEEP SINGH,

*Plaintiff-Appellant*,

v.                                                                    No. 10-5186-pr

LYNCH, Correctional Officer, Fishkill Correctional Facility,

*Defendant-Appellee*,

WILLIAM MAZZUCA, Former Superintendent, Fishkill Correctional Facility, PAUL ANNETTS, Superintendent, Downstate Correctional Facility, WOHLRAB, Lieutenant, Downstate Correctional Facility, COMMIA, Correctional Officer, Downstate Correctional Facility, STEWART, Correctional Officer, Fishkill Correctional Facility, MICHELLE P. STONE, Head of the Inmate Grievance Program at Fishkill Correctional Facility, OFFICER JOHN DOE # 2, JOHN DOE # 6, BRIAN FISHER, Commissioner of DOCS, WILLIAM CONNOLLY, Superintendent of Fishkill Correctional Facility, LANCE TABOR, GLENN S. GOORD, Commissioner Department of Correctional Services, LARRY ZWILLINGER, Acting Superintendent,

Fishkill Correctional Facility, LARKIN, Deputy, Fishkill Correctional Facility, MENDOZA, Correctional Officer, Fishkill Correctional Facility, DIGIROLAMO, Correctional Officer, Fishkill Correctional Facility, MONZILLO, Correctional Officer, Fishkill Correctional Facility, K. EMMINGER, Correctional Officer, Fishkill Correctional Facility, JOHN DOE # 1-6,

*Defendants.*[*]

--------------------------------------------------------------------------

| APPEARING FOR APPELLANT: | KENNETH D. O'REILLY (Shelby Ariella Boxenbaum, Rachel H. Kaufman, *on the brief*), Winston & Strawn LLP, New York, New York. |
| --- | --- |
| APPEARING FOR APPELLEES: | MATTHEW W. GRIECO, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Cecilia Chang, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Stephen C. Robinson, *Judge*; Lisa M. Smith, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 23, 2010, is AFFIRMED.

Plaintiff Navdeep Singh sued the named defendants in law and equity alleging myriad federal and state constitutional violations. Those claims having now been resolved against him on summary judgment or at trial, or having been dismissed as moot, Singh appeals a single ruling: the award of summary judgment in favor of defendant Corrections Officer Lynch on Singh's claim that Lynch violated the Eighth Amendment on June 6, 2005, by

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

assaulting Singh while he was a prisoner at Fishkill Correctional Facility. Singh submits that the district court erred in granting summary judgment based on his failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a), for two reasons: (1) his June 21, 2005 grievance was sufficient to exhaust the assault claim, and (2) if it was not, the exhaustion failure was excused by his justifiable fear of physical retaliation by Lynch. We review an award of summary judgment de novo, see Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 101 (2d Cir. 2010), "constru[ing] the evidence in the light most favorable to the plaintiff, [and] drawing all reasonable inferences and resolving all ambiguities in [his] favor," Schiano v. Quality Payroll Sys., Inc., 445 F.3d 597, 603 (2d Cir. 2006) (internal quotation marks omitted). We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Exhaustion

The exhaustion requirement of the Prison Litigation Reform Act ("PLRA") affords "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006) (internal quotation marks omitted). Consistent with this purpose, a prisoner must allege facts sufficient to alert corrections officials "to the nature of the claim," and "provide enough information about the conduct" at issue "to allow prison officials to take appropriate responsive measures." Johnson v. Testman, 380 F.3d 691, 697 (2d Cir. 2004) (internal quotation marks omitted). The burden is not a heavy one; it can be analogized to notice pleading. See id. Nevertheless, like the district court, we conclude that Singh did not satisfy it with respect to his assault claim.

3

Singh's June 21, 2005 grievance alleged the following specific misconduct by Officer Lynch: (1) ordering Singh to work despite medical restrictions, at unscheduled times, and at times that would deprive him of contact with visitors, and (2) speaking to Singh in a derogatory manner. Nowhere in the grievance, however, did Singh allege that Lynch had ever assaulted him. Singh submits that notice of such misconduct was implicit in the grievance's penultimate sentence, which stated that "there is a whole lot more that if I discussed, let alone put on paper I would be je[o]pardizing my saf[e]ty here at Fishkill." Grievance, June 21, 2005, at 2. The argument fails for the reasons noted by the district court: notice that an inmate fears future physical retaliation if he files a more detailed grievance does not equate to notice that the inmate has previously been a victim of physical assault so as to alert officials that they must investigate and respond to that misconduct. See Brownell v. Krom, 446 F.3d at 310 (observing that "grievance may not be so vague as to preclude prison officials from taking appropriate measures to resolve the complaint internally"). The conclusion is only reinforced by the fact that Singh did not complain of any assault by Lynch when he was interviewed by the senior officer investigating his grievance. Indeed, he made no mention of an assault by Lynch until October 17, 2005, months after his initial grievance was denied and long past the time for filing a grievance as to conduct occurring on June 6, 2005.

2.      Excuse for Failure to Exhaust

Singh submits that any failure to exhaust his assault claim against Officer Lynch is excused by his fear of retaliation, which effectively rendered the grievance procedure

unavailable to him or, at least, estopped defendant from raising the non-exhaustion defense. See Hemphill v. New York, 380 F.3d 680, 686-90 (2d Cir. 2004). Lynch submits that this claim is forfeited by Singh's failure to raise it before the magistrate judge to whom Lynch's motion for summary judgment was referred for report and recommendation. We need not here decide whether that failure is excused by Singh's citation to Hemphill in the objections he filed with the district court because, even if we were to resolve that question in Singh's favor, we would identify no merit in his Hemphill argument.

The test for determining the availability of grievance procedures to a prisoner is objective, i.e., whether a similarly situated individual of ordinary firmness would have deemed the procedures available. Id. at 688. Singh's subjective fear of retaliatory physical harm derives from two facts: the unreported June 6, 2005 assault and other inmates' warnings that Lynch was out to get him. The former fact cannot, by itself, support an objective finding that grievance procedures were unavailable. To conclude otherwise would be to hold that no reasonable prisoner could think administrative relief was available to him on a claim of assault by a guard, an inference that cannot reasonably be drawn from the record here. Indeed, Singh himself filed a grievance charging a different corrections official with assault in July 2005. As for the alleged inmate warnings, in the absence of any particulars indicating that Lynch was looking to do more than harass Singh in the ways specified in his June 21, 2005 grievance, this fact cannot support a finding that grievance procedures for an assault claim were effectively unavailable.

5

Similarly, Singh's subjective fear of retaliation was insufficient to support estoppel. Estoppel of a non-exhaustion defense requires some evidence of threats or other conduct by Lynch that could reasonably be understood as intended to inhibit Singh from pursuing administrative remedies for the alleged assault. See id. at 688-89 (finding question of fact raised as to estoppel where evidence showed that defendant threatened and beat prisoner in retaliation for filing notice of intent to file grievance claim). Singh adduced no such evidence.

3.      Conclusion

We have considered Singh's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6